UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

05  894M

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

-against-

BACHI COLVIN,
    also known as "James Bumpus,"

                Defendant.

- - - - - - - - - - - - - - - - X

COMPLAINT AND AFFIDAVIT
IN SUPPORT OF APPLICATION
FOR ARREST WARRANT
(T. 18, U.S.C. §922(g))

EASTERN DISTRICT OF NEW YORK, SS:

    ISMAEL HERNANDEZ, being duly sworn, deposes and says that he is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms & Explosives, duly appointed according to law and acting as such.

    Upon information and belief, on July 7, 2005, within the Eastern District of New York, defendant BACHI COLVIN, also known as "James Bumpus," having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit, a Ruger .40 semi-automatic pistol.

    (Title 18, United States Code, Section 922(g)(1))

    The source of your deponent's information and the grounds for his belief are as follows[1]:

---

[1] Because this affidavit is being submitted for the limited purpose of establishing probable cause to arrest BACHI COLVIN, as described in greater detail below, I have not set forth every

1.  I have been a Special Agent with the Bureau of Alcohol, Tobacco, Firearms & Explosives for approximately four years. My information in this case comes from reviews of records of the New York City Police Department ("NYPD"), conversations with police officers of the 88th Precinct, and other official records of government agencies.

2.  I have reviewed the defendant BACHI COLVIN's criminal history records and have determined that the defendant has been convicted in a New York State court of a crime punishable by a term of imprisonment of more than one year, including the following: on May 4, 2001, the defendant was convicted in New York State Supreme Court, Kings County, of Criminal Possession of a Controlled Substance in the Fifth Degree in violation of New York State Penal Law 220.06, a class D felony, for which he was sentenced to a term of imprisonment of six months and a term of probation of five years, and of Attempted Criminal Possession of a Weapon in the Second Degree in violation of New York State Penal Law 265.03, a class D felony, for which he was sentenced to a term of imprisonment of two years.

2.  On July 7, 2005, at approximately 10:00 p.m., NYPD officers responded to a 911 call reporting drug sales in front of

---

fact learned during the course of this investigation.

127 North Portland Avenue, Brooklyn, New York, a building where officers previously have made numerous drug-related arrests. When officers arrived, one officer observed the defendant BACHI COLVIN engaged in a hand to hand transaction with two other men. The defendant was dressed in black, wearing a black t-shirt with a red stripe. As the officers, who were dressed in plain clothes, exited their unmarked police car, the defendant BACHI COLVIN ran. Officers shouted "Police, Stop!" and chased the defendant BACHI COLVIN.

   3. A sergeant for the NYPD was waiting on Myrtle Avenue, heard an officer shout "Police, Stop!" and then observed a man wearing a black t-shirt with a red stripe running toward him. The sergeant observed the defendant run across the street and then start walking. The sergeant then approached the defendant. When the defendant saw the sergeant, he stated "Oh hell, no!" and started running again. As the sergeant chased the defendant, he observed the defendant BACHI COLVIN throw a clear plastic bag down while the defendant was running. The sergeant chased the defendant BACHI COLVIN to a walkway near 135 Washington Walk. As the defendant BACHI COLVIN leaned close to a planter filled with bushes, the sergeant heard something fall through the leaves and land on the dirt. After the sergeant secured the defendant, he reached into the planter and retrieved

a Ruger .40 semi-automatic pistol, with one round in the chamber and nine rounds in the magazine.

4. Other officers recovered a plastic bag from where the defendant BACHI COLVIN threw it. Inside that plastic bag were six smaller plastic ziplock bags containing what appeared to be marijuana.

5. The defendant BACHI COLVIN was arrested and brought to the 88th Precinct where he was informed of his <u>Miranda</u> rights. After waiving his <u>Miranda</u> rights, the defendant BACHI COLVIN stated orally that approximately ten minutes before the officers' arrival, someone who was entering 127 North Portland Avenue gave him a gun to hold and he took it. The defendant BACHI COLVIN gave a written statement stating: "I had the gun like 5 to 10 min before people started running then I started running because I didn't know what was going on. I was just holding it for someone else."

6. I have spoken with an Bureau of Alcohol, Tobacco, Firearms and Explosives interstate nexus expert, and who has advised me that the above-mentioned Ruger .40 semi-automatic pistol, was manufactured outside the State of New York.

WHEREFORE, your deponent respectfully requests that an arrest warrant be issued for the defendant BACHI COLVIN so that he may be dealt with according to law.

_____
ISMAEL HERNANDEZ
Special Agent
Bureau of Alcohol, Tobacco, Firearms
& Explosives

Sworn to before me this
11th day of July, 2005

signed MDG
_____
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

5